**Munasar Uddin ALI, Petitioner–Appellant,**

v.

**Alberto GONZALES, Attorney General, Respondent–Appellee.**

No. 03–40383–AG.

United States Court of Appeals, Second Circuit.

Dec. 15, 2006.

Parker Waggaman, New York, NY, for Petitioner–Appellant.

Terri Hearn Bailey, Assistant United States Attorney (Reginald I. Lloyd, United States Attorney for the District of South Carolina, on the brief), for Defendants–Appellees.

Present: JOSEPH M. McLAUGHLIN, CHESTER J. STRAUB, Circuit Judges, and SIDNEY H. STEIN, District Judge.[1]

### SUMMARY ORDER

Petitioner Ali, a citizen of India, seeks review of an April 23, 2003 order of the BIA affirming the January 29, 2002 decision of Immigration Judge ("IJ") Patricia

A. Rohan denying his application for relief under Article 3 of the Convention Against Torture ("CAT"), and denying his motion to reopen to assert claims for asylum and withholding of removal. *In re Munasar Uddin Ali*, No. A72 779 074 (B.I.A. April 23, 2003), *aff'g* No. A72 779 074 (Immig. Ct. N.Y. City Jan. 29, 2002). We assume the parties' familiarity with the underlying facts and procedural history of the case.

■ Where, as here, the BIA issues an opinion that fully affirms and adopts the IJ's decision, this Court reviews the IJ's decision directly. *See, e.g., Chun Gao v. Gonzales*, 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). Here, substantial evidence supports the IJ's finding that Ali had failed to show that it was more likely than not that he would be tortured if removed to India, and that Ali was therefore not entitled to relief under CAT. *See* 8 C.F.R. § 208.16(c)(2).

■ We review the IJ's denial of Ali's motion to reopen under the abuse of discretion standard, "mindful that motions to reopen are disfavored." *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir.2006) (quotation marks omitted). We see no abuse of discretion here. As the IJ observed, Ali was "offered every opportunity to proceed with those forms of relief ... and declined to do so." Moreover, the IJ considered Ali's claim under the well-founded fear of persecution standard applicable to asylum

---

**1.** The Honorable Sidney H. Stein, District Judge for the Southern District of New York, sitting by designation.

claims, and found that Ali would be unable to meet that lesser standard.

For the foregoing reasons, the petition for review is DENIED.